T.C. Memo. 2021-133

UNITED STATES TAX COURT

PLATEAU HOLDINGS, LLC, WATERFALL DEVELOPMENT MANAGER,
LLC, TAX MATTERS PARTNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12519-16.                    Filed November 30, 2021.

Christopher S. Rizek and Scott D. Michel, for petitioner.

Shannon E. Craft, Rebeccah L. Bower, and John T. Arthur, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  This case involves a charitable contribution deduction

claimed by Plateau Holdings, LLC (Plateau), for conservation easements.  On its

2012 Federal income tax return Plateau claimed a deduction of $25,449,000 for the

donation of the easements.  On June 23, 2020, we issued an opinion, Plateau Hold-

[*2] ings, LLC v. Commissioner (Plateau I), T.C. Memo. 2020-93, 119 T.C.M. (CCH) 1619, disallowing the deduction in full because the judicial extinguishment clauses of the easement deeds did not protect the conservation purpose in perpetuity. See sec. 170(h)(5)(A); sec. 1.170A-14(g)(6), Income Tax Regs.[1]

We determined in Plateau I, 119 T.C.M. (CCH) at 1627, that the correct value of the easements was $2,691,200 and that a 40% penalty applied to the portion of the underpayment that resulted from Plateau's gross overvaluation of the easements. See sec. 6662(e), (h). The overvaluation was $22,757,800, i.e., the difference between the value Plateau improperly claimed ($25,449,000) and the correct value of the easements ($2,691,200).

The Internal Revenue Service (IRS) also seeks a 20% penalty for negligence or a substantial understatement of tax under section 6662(a) and (b)(1) and (2). This penalty would apply to what might be called the "lower tranche" of the underpayment, i.e., the portion of the underpayment that was not attributable to a valuation misstatement. The 20% penalty would apply, in other words, to the portion of the underpayment resulting from our conclusion that Plateau is not entitled to a

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*3] charitable contribution deduction of $2,691,200, corresponding to the correct value of the easements.

The disallowance of this deduction resulted solely from our determination that the easement deeds failed to protect the conservation purpose in perpetuity. In Plateau I we did not decide whether the 20% accuracy-related penalty applied to this portion of the underpayment. See Plateau I, 119 T.C.M. (CCH) at 1626 n.14. After considering supplemental briefing from the parties, we resolve this question in petitioner's favor, concluding that Plateau had reasonable cause and acted in good faith with respect to the claimed charitable contribution deduction corresponding to the correct value of the easements.

## Background

We incorporate by reference our findings of fact in Plateau I, 119 T.C.M. (CCH) at 1619-1624.

## Discussion

The Code imposes a penalty where "any portion of an underpayment of tax" is attributable to "[n]egligence or disregard of rules or regulations" or to a "substantial understatement of income tax." Sec. 6662(a) and (b)(1) and (2). Negligence is the "failure to make a reasonable attempt to comply with the * * * [Code]," and disregard includes "careless, reckless, or intentional disregard."

[*4] Sec. 6662(c).  An understatement of income tax is "substantial" if it exceeds the greater of $5,000 or "10 percent of the tax required to be shown on the return."  Sec. 6662(d)(1)(A).  In the case of a partnership, a penalty under section 6662 applies when the partnership takes a return position that is negligent or that might create a substantial understatement of tax at the partner level.  See Oakbrook Land Holdings, LLC v. Commissioner, T.C. Memo. 2020-54, 119 T.C.M. (CCH) 1351, 1360.

The determination of an "underpayment" within the meaning of section 6662(a) cannot be made at the partnership level, because partnerships do not pay tax.  However, we can determine at the partnership level the applicability of the penalty for negligence or substantial understatement of income tax.  Dynamo Holdings Ltd. P'ship v. Commissioner, 150 T.C. 224, 233 (2018).

Petitioner contends that the 20% penalty should not apply because Plateau had reasonable cause and acted in good faith when claiming a charitable contribution deduction.  See sec. 6664(c)(1), sec. 1.6664-4(a), Income Tax Regs.  "Reasonable cause" is determined on a case-by-case basis, taking into account all pertinent facts and circumstances.  Sec. 1.6664-4(b)(1), Income Tax Regs.  One circumstance that may indicate reasonable cause is an honest misunderstanding of fact or

[*5] law that is reasonable in the light of all of the facts and circumstances, including the experience, knowledge, and education of the taxpayer. Ibid.

In Plateau I we held that Plateau was ineligible for a charitable contribution deduction because the conservation purpose underlying the easements was not protected in perpetuity. See sec. 170(h)(5)(A); sec. 1.170A-14(g)(6), Income Tax Regs. That was chiefly because the deeds provided, in the event of a future judicial extinguishment of the easements, that the donee's proportionate share of the sale proceeds would be reduced by an impermissible carve-out for donor improvements. See Plateau I, 119 T.C.M. (CCH) at 1624-1625.

The easement deeds were prepared by Mark Jendrek, an attorney for the donee, Foothills Land Conservancy (Conservancy). Both Mr. Jendrek and the Conservancy had considerable experience in drafting easement deeds, and the deeds in this case were modeled after others shared through an alliance of land trusts. Although Mr. Jendrek was not Plateau's lawyer, Plateau could reasonably have believed that he drafted the easements in a manner that was intended to comply with the regulations and to protect the Conservancy's interests.

When Plateau filed its 2012 return, the validity of such judicial extinguishment clauses had not been tested in litigation. All of the judicial opinions that have found such clauses wanting were issued well after Plateau executed the deeds (in

**[*6]** December 2012) and filed its return (in April 2013). See, e.g., PBBM-Rose Hill, Ltd. v. Commissioner, 900 F.3d 193 (5th Cir. 2018) (affirming a bench opinion of this Court); Coal Prop. Holdings, LLC v. Commissioner, 153 T.C. 126, 130-131 (2019); see also Plateau I, 119 T.C.M. (CCH) at 1624 (describing the judicial extinguishment clauses in this case as essentially identical to those in Coal Prop. Holdings, which also involved a contribution to the Conservancy).[2]

The information available to Mr. Jendrek and Plateau in December 2012 arguably supported the acceptability of judicial extinguishment clauses resembling those here. In 2008 the IRS had issued a private letter ruling (PLR) suggesting that a clause of this sort would not necessarily prevent the allowance of a charitable contribution deduction. See Priv. Ltr. Rul. 200836014 (Sept. 5, 2008) (discussing an easement deed that reduced the donee's proceeds by the value of the donor's permissible improvements). The record in this case does not show that anyone associated with Plateau subjectively relied on this PLR when executing the easement deeds or preparing its 2012 partnership return. But the PLR does provide some ob-

---

[2]The bench opinion issued by this Court in PBBM-Rose Hill, Ltd., which appears to have been the first judicial opinion to address judicial extinguishment clauses of this sort, ruled that the 20% penalty was inapplicable to the lower tranche of the underpayment. PBBM-Rose Hill, Ltd. v. Commissioner, T.C. Dkt. No. 26096-14, at 29-30 (Sept. 9, 2016) (bench opinion).

**[*7]** jective support for the reasonableness of Plateau's position.  See <u>Sells v. Commissioner</u>, T.C. Memo. 2021-12, at *37-*40; <u>Oakbrook Land Holdings</u>, 119 T.C.M. (CCH) at 1361; sec. 1.6662-4(d)(3)(iii), Income Tax Regs. (stating that PLRs may constitute "authority" in determining whether the taxpayer has "substantial authority" for its return position).

For these reasons, we conclude that the 20% penalty should not apply because Plateau had reasonable cause and acted in good faith when claiming a charitable contribution deduction, at least with respect to its claim of a deduction corresponding to the correct value of the easements.  To implement the foregoing,

<u>Decision will be entered under Rule 155</u>.